Shaun F. Carroll (SC 9898)
Nourse & Bowles, LLP
One Exchange Plaza
New York, New York 10006
Telephone:   (212) 952-6200
Facsimile:   (212) 952-0345
E-mail:       scarroll@nb-ny.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PRECIOUS PEARLS, LTD.,

                Plaintiff,

             - against -

TIGER INTERNATIONAL LINE PTE LTD. and
SUNWOO MERCHANT MARINE CO., LTD.,

                Defendants.

07 Civ. 8325 (JGK)

AFFIDAVIT IN SUPPORT OF
ORDER TO SHOW CAUSE AND
MOTION TO VACATE RULE B
MARITIME ATTACHMENT

(ECF)

------------------------------------------------------------X

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF NEW YORK        )

      Shaun F. Carroll, being duly sworn, hereby deposes and says as follows:

      1. I am an attorney admitted to practice before this Court and a member of the firm of Nourse & Bowles, LLP, counsel for Defendants Tiger International Line Pte Ltd. ("Tiger") and Sunwoo Merchant Marine Co. Ltd. ("Sunwoo").

2. I submit this affidavit based upon the pleadings herein and certain documents shown to me by Tiger and Sunwoo, as more fully set forth below, in support of defendants Order to Show Cause why an Order should not be entered pursuant to Rule B and E(4)(f) of Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure vacating the Ex Parte Order of Maritime Attachment and garnishment issued herein on September 24, 2007 and levied upon electronic fund transfers to or from Defendants Tiger and Sunwoo who have appeared by restricted appearance pursuant to Rule E(8), and directing immediate release of an electronic funds transfer in the hands of J.P. Morgan Chase in the amount of $8.5 million and return of the same to Defendant Sunwoo, dismissing the action against Defendants Tiger and Sunwoo and granting them leave to apply for costs, disbursements, damages and attorneys fees in connection with this motion, and for such other and further relief as the Court deems just and proper

3. Plaintiff, Precious Pearls Ltd. ("Precious" or "Plaintiff") commenced this action by filing its Verified Complaint herein on September 24, 2007, alleging an indemnity claim in the amount of $8.5 million and demanding issuance of an Ex Parte Order of Maritime Attachment and Garnishment in like amount against the assets of Tiger and Sunwoo. A copy of the Verified Complaint is attached hereto as Exhibit "A".

4. On September 24, 207 this Court issued its Ex Parte Process of Maritime Attachment and Garnishment dated September 24, 2007 (the "Attachment Order")

against the assets of Defendants Tiger and Sunwoo. A copy of the Attachment Order is annexed hereto as Exhibit "B".

5. Pursuant to the Attachment Order, Plaintiff attached numerous electronic fund transfers to or from Tiger and/or Sunwoo, including on October 5, 2007 an electronic funds transfer originated by Sunwoo in the amount of $8.5 million in the hands of J.P. Morgan Chase (the "Sunwoo Funds").

6. Attached hereto as Exhibit "C" is the Declaration of Ahn Sun Ju dated October 16, 2007 setting forth the salient, background facts of this dispute, submitted in opposition to the Attachment Order and in Support of Defendants' motion to vacate the Attachment Order and seek related relief.

7. As more fully set forth in the Verified Complaint and the Declaration of Ahn Sun Ju, Plaintiffs indemnity claim against Tiger and Sunwoo arises out of the carriage of a cargo of hot rolled steel products between Changsu Port, China to Port Jeddah, Saudi Arabia in May and June 2007, pursuant to a series of charter parties between Precious, Tiger and Sunwoo, and ultimately to other third party charterers who are not parties to this lawsuit, and certain bills of lading issued at the behest of one or more of those third parties. A copy of the charter party between Precious and Tiger is attached as Exhibit "D".

8. Plaintiff's Verified Complaint styles its claim as one for "fraudulent conduct and/or breach of the charter [party]", and demands indemnity in the amount of $8.5

million, in respect of a cargo damage claim put forward by the receivers of the subject cargo of hot rolled steel products, alleging unspecified damage to the cargo.

9. Plaintiff's allegations of "fraudulent conduct" arise out of the alleged issuance of a second set of allegedly non-conforming bills of lading, which allegedly failed to reflect the true pre-shipment condition of the cargo.

10. As set forth in the Declaration of Ahn Sun Ju, (¶12), Tiger and Sunwoo categorically deny that they had any involvement in the loading or discharging of the cargo, or the booking of the cargo, or the issuance of any of the bills of lading. Defendants specifically deny that they had any involvement in the alleged issuance of the second set of clean bills.

11. As set forth in the Declaration of Ahn Sun Ju, Plaintiff's unsupported and baseless fraud allegations in the Verified Complaint have already been the subject of one article in the widely read shipping magazine "Tradewinds", and are highly damaging to Tiger and Sunwoo's reputations.

12. There is no allegation in the Verified Complaint that Plaintiff has paid or otherwise settled the cargo damage claim.

13. There is no allegation in the complaint that the Receivers have initiated any legal proceedings against Precious.

14. There is no allegation in the Complaint that Precious has posted security in any form in favor of the receivers or that such has been demanded.

15. Defendants move to vacate this burdensome $8.5 million attachment on the grounds that it is based on a wholly premature, contingent indemnity claim, and as such fails to state a proper maritime claim as required by Rule B of the Supplemental Rules, Fed. R. Civ. P., and on the further ground that the fraud allegations in the original Verified Complaint are wholly unsupported, unsupportable and improper.

16. Defendants move by Order to Show Cause because they are entitled to a "prompt hearing" pursuant to Supplemental Admiralty Rule E(4)(f), "at which the plaintiff shall be required to show why the … attachment should not be vacated …"

17. No prior request has been made for this relief.

Shaun F. Carroll

Sworn to before me this
17th day of October, 2007.

Notary Public

JANE COLASURDO
Notary Public, State Of New York
No. 31-4786002
Qualified in New York County
Commission Expires April 30, 2011