# Exhibit A
## (Carroll Affidavit)

JUDGE KOELTL

BLANK ROME, LLP
Attorneys for Plaintiff
PRECIOUS PEARLS LTD.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

**07 CIV 8325**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECIOUS PEARLS LTD., | 07 Civ. |
| Plaintiff, | |
| -against- | **VERIFIED COMPLAINT** |
| TIGER INTERNATIONAL LINE PTE LTD. and SUNWOO MERCHANT MARINE CO., LTD., | |
| Defendants. | |



RECEIVED
SEP 24 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, PRECIOUS PEARLS LTD. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendants, TIGER INTERNATIONAL LINE PTE LTD. ("Tiger") and SUNWOO MERCHANT MARINE CO., LTD. ("Sunwoo") (collectively "Defendants"), allege upon information and belief as follows:

1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2.    At all material times, Plaintiff was and now is a Thai corporation with its offices at 8/27-28 North Sathorn Road, Silom Bangrak, Bangkok Thailand.

3.    At all material times, Defendant Tiger was and is a foreign corporation or other business entity organized with its offices at 20 Prince Edward Road, #03-10, PSA Finger Pier Building, Singapore 079213, and with no place of business in the United States.

4.    At all material times, Defendant Sunwoo was and is a foreign corporation or other business entity organized with its offices at 12F Kyobo Book Building, #73 Naesu-Dong, Chongno-Gu, Seoul, 110070 Korea, and with no place of business in the United States

5.    By a charter party dated on or about April 11, 2007, ("the Charter"), Plaintiff chartered the ocean-going cargo vessel M/V WORADA NAREE ("the Vessel") to Defendant Tiger.

6.    By letter of guaranty dated April 16, 2007 (the "Guaranty"), Defendant Sunwoo undertook to guaranty the performance of Defendant Tiger under the Charter.  Defendant Sunwoo further undertook "to indemnify [plaintiff] and to hold [it] harmless in respect of any liability, loss, damage or expense of whatsoever nature which [it] may sustain by reason of non-performance and/or breach of the captioned charterparty."  Defendant Sunwoo's guaranty further provided as follows:

> In the event of any proceedings being commenced against you or
> any of your servants or agents in connection with non-performance
> and/or any breach of the captioned charterparty, to provide you or
> them on demand with sufficient funds to defend the same.

7.    Clause 8 of the Charter provides that bills of lading for cargo must be issued "in conformity with Mate's and Tally Clerk's receipts."

8.    In accordance with this clause and the Charter, bill of lading no. CSH0043-JDH01 dated May 21, 2007 was issued in respect of a cargo of hot-rolled reinforcing steel bars and/or other steel cargo for carriage from Changshu Port, China to Jeddah Port, Saudi Arabia.  This bill of lading was "claused" to reflect substantial pre-existing rust and damage and other conditions

of the cargo prior to loading aboard the Vessel, all of which remarks were in conformity with the Mate's receipts issued in respect of the cargo.

9.     At the discharge port, Defendant Tiger requested plaintiff to agree to release the Cargo notwithstanding that the original bill of lading was not yet available for presentation. The Charter provides at Clause 56 that plaintiff will "allow charterers to discharge the cargo/es without presentation of original bill(s) of lading against charterers providing owners with letter of indemnity with owners' P&I club form and working before discharge."

10.     Defendant issued to plaintiff a letter of indemnity dated June 8, 2007 in this respect (the "LOI") in consideration of plaintiff's agreeing to discharge the Cargo without presentation of the original bill of lading.

11.     Subsequently, the owners of the Cargo presented a claim to the plaintiff alleging that the cargo was discharged in damaged condition due to rust and alleging damages in the amount of $6,457,758. Cargo owners further alleged that they had been issued a "clean" bill of lading in respect of the Cargo—*i.e.*, one that contained no clauses reflecting any pre-shipment damage and attesting that the cargo had been receive in good order and condition—and further alleging that the damage complained of is therefore the responsibility of plaintiff.

12.     Investigation indicates that although plaintiff issued a bill of lading for the cargo which was claused to reflect its substantial pre-shipment rust and damaged condition, defendant Tiger fraudulently, without notice to or knowledge of plaintiff, and/or in breach of the Charter, obtained the issuance of a second, clean bill of lading in respect of the Cargo which it ultimately provided to the cargo interests.

13.    As a consequence of Defendant Tiger's fraudulent conduct and/or breach of the Charter, Plaintiff has suffered substantial damages and faces substantial exposure to the owners of the cargo in respect of their claim for cargo damage.

14.    Pursuant to the LOI, Defendant Tiger is obligated to indemnify and to hold Plaintiff harmless in respect of these claims.

15.    Pursuant to the Guaranty, Defendant Sunwoo is also obligated to indemnify and to hold Plaintiff harmless in respect of these claims.  It is further obligated to provide adequate funds to allow Plaintiff to defend itself in respect of these claims.

16.    Although duly demanded, Defendant Tiger has refused to honor its obligations under the Charter and the LOI and Defendant Sunwoo has refused to honor its obligations under the Guaranty.

17.    As a consequence of Defendants' breaches of these undertakings, Plaintiff has been and continues to suffer substantial damages.

18.    The Charter provides for arbitration of disputes in London.  Plaintiff reserves its right to arbitrate the disputes with Defendant Tiger pursuant to 9 U.S.C. § 8.

19.    The Guaranty provides that all disputes thereunder shall be submitted to the jurisdiction of the High Court of Justice in England.  Plaintiff reserves its rights to pursue its claim against Defendant Sunwoo in that forum.

20.    As noted above, the principal cargo damage claim is for $6,457,785.  In addition to damages for breach of the Charter, LOI and Guaranty, Plaintiff will be entitled to recover for its attorneys' fees and costs incurred in defending the cargo damage claim.  Furthermore, Maritime Arbitrators in London routinely award interest, legal fees and arbitral costs to a successful party.  Plaintiff estimates that these items, taken together, will exceed US$2.1 million.

21.     Accordingly, the total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **US$8,500,000**.

22.     Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight and/or hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendants up to the amount of **US$8,500,000** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.     That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D.     That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
      September 24, 2007

                        Respectfully submitted,
                        BLANK ROME, LLP
                        Attorneys for Plaintiff
                        PRECIOUS PEARLS LTD.


By_____
                    Thomas H. Belknap, Jr. (TB-3188)
                405 Lexington Ave.
                New York, NY  10174-0208
                (212) 885-5000

## VERIFICATION

STATE OF NEW YORK      )

                             : ss.:

COUNTY OF NEW YORK    )

        Thomas H. Belknap, Jr., being duly sworn, deposes and says:

        1.      I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

        2.      I have read the foregoing Complaint and I believe the contents thereof are true.

        3.      The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

        4.      The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

                                                          Thomas H. Belknap, Jr.

Sworn to before me this
24th day of September 2007

Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20___

900200.00001/6576873v.1

7

BLANK ROME, LLP
Attorneys for Plaintiff
PRECIOUS PEARLS LTD.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY  10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRECIOUS PEARLS LTD.,

                Plaintiff,

          -against-

TIGER INTERNATIONAL LINE PTE LTD.
and SUNWOO MERCHANT MARINE CO.,
LTD.,

                Defendants.

07 Civ.

**AFFIDAVIT UNDER
SUPPLEMENTAL RULE B**

STATE OF NEW YORK       )
                           )  ss:
COUNTY OF NEW YORK   )

      THOMAS H. BELKNAP, JR., being duly sworn, deposes and says:

      1.    I am a member of the Bar of this Honorable Court and a member of the firm of

Blank Rome, LLP, attorneys for the Plaintiff herein.  I am familiar with the circumstances of the

complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of

maritime attachment and garnishment of the property of defendants, ("Defendants"), foreign

corporations, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime

Claims of the Federal Rules of Civil Procedure.

2.    Defendant TIGER INTERNATIONAL LINE PTE LTD. is a party to a maritime contract of charter party and is a foreign corporation with offices in Singapore and no offices or place of business within this judicial district.

3.    Defendant SUNWOO MERCHANT MARINE CO., LTD. is a party to a maritime contract of charter party and is a foreign corporation with offices in Korea and no offices or place of business within this judicial district.

4.    Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

5.    In our search, we did not find any listing or reference to Defendants in this judicial district or the state of New York.  In the circumstances, I believe Defendants cannot be found within this district.

THOMAS H. BELKNAP, JR.

Sworn to before me this
24th day September, 2007

Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20 //