BLANK ROME, LLP
Attorneys for Plaintiff
PRECIOUS PEARLS LTD.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRECIOUS PEARLS LTD.,

    Plaintiff,

-against-

TIGER INTERNATIONAL LINE PTE LTD. and SUNWOO MERCHANT MARINE CO., LTD.,

    Defendants.

07 Civ. 8325 (JGK)

(ECF)

---

### AFFIDAVIT OF THOMAS H. BELKNAP, JR. IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE ATTACHMENT

State of New York    :
                               : ss:
County of New York  :

THOMAS H. BELKNAP, JR., being duly sworn, hereby deposes and says:

1.  I am a partner at Blank Rome LLP, counsel for plaintiff Precious Shipping Ltd. in the captioned action. I am admitted to practice before this Honorable Court. I am

128312.00601/6584795v.1

2. This action was commenced on September 24, 2007 by filing of a Verified Complaint. (See Docket No. 1).

3. An order of attachment was entered by this Court on September 25, 2007, (Docket no. 3), whereupon the Clerk of Court issued Process of Maritime Attachment and Garnishment ("PMAG").

4. The PMAG was duly served on the garnishee banks, resulting in the attachment of numerous EFT transfers to and from defendants Tiger International Line Pte Ltd. and Sunwoo Merchant Marine Co., Ltd. between about September 25, 2007 and October 10, 2007.

5. Among other funds attached was a transfer originated by Sunwoo on or about October 5, 2007 in the amount of $8.5 million which was restrained at J.P. Morgan Bank (the "Sunwoo Funds").

6. In consideration of Plaintiff's agreement (a) to release all other funds of Sunwoo which had been restrained in respect of this action, (b) to release all funds of Tiger which had been restrained in respect of this action, and (c) to refrain from attempting to attach any further funds in respect of this Rule B action, Defendant Sunwoo agreed that the Sunwoo Funds would stand as security for Plaintiff's claims against Tiger and Sunwoo, but without prejudice to Defendants' right to seek to vacate the attachment or reduce the amount for good cause shown. Under this agreement, the funds are to remain under attachment as security for Plaintiff's claims against either Tiger or Sunwoo unless the attachment is vacated as to both defendants. A true and accurate copy of the parties' agreement to this effect is attached as Exhibit 1. Because the e-mail exchange also contains communications

the attorney principally responsible for the handling of this matter and I am fully familiar with the facts stated herein.

relating to on-going partial settlement negotiations, I have redacted those portions of the communications which do not specifically relate to this agreement.

7. At no time did Plaintiff agree to refrain from seeking alternate security in lieu of the funds attached in this action. Indeed, given Defendants stated intention to seek to vacate this attachment at the time the above-reference agreement was negotiated and agreed, it would have been nonsensical for Plaintiff to unilaterally agree not to attempt to obtain unassailable security elsewhere while Defendants' objections remains pending before this Court.

_____
Thomas H. Belknap, Jr.

Sworn to before me this
23rd day of October, 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20___